UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MONIKA KAPOOR,

               Petitioner,

   -against-                            **MEMORANDUM AND ORDER**
                                         12-CV-3196 (FB)
CHARLES DUNNE, United States
Marshal for the Eastern District of New
York, and ROBERTO CORDERO, Chief
Pretrial Services Officer for the Eastern
District of New York,

               Respondents.
-----------------------------------------------------x

*Appearances:*
| For the Petitioner: | For Respondents: |
| --- | --- |
| MILDRED M. WHALEN, ESQ. | LORETTA E. LYNCH, ESQ. |
| Federal Defenders of NY, Inc. | United States Attorney |
| 1 Pierrepont Plaza, 16th Floor | NATHAN D. REILLY, ESQ. |
| Brooklyn, NY 11201 | Assistant United States Attorney |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

      Monika Kapoor ("Kapoor") petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. She challenges Magistrate Judge Levy's grant of the government's request to certify her extradition to India. *See* April 17, 2012 Memorandum and Order in Case No. 11-M-45 ("April 17, 2012 M&O"). Kapoor argues that the magistrate judge erred by refusing to consider proffered evidence at her probable cause hearing. She also argues that she was charged only with conspiracy and that the charge fails to satisfy the requirement of dual criminality. For the reasons set forth below, the petition is DENIED.

# I

## 1. The Scheme

India's request for Kapoor's extradition alleges that she and her two brothers engaged in a scheme in 1998 in which they forged export documents for 16 gold jewelry transactions, and then used those documents to obtain Replenishment Licenses. These licenses were issued by the Indian government to exporters of goods to allow them to import—duty free—raw materials and components used in making the goods they exported.

Replenishment Licenses were transferable. Under the alleged scheme, Kapoor and her brothers sold 14 of the 16 Replenishment Licenses to Deep Blue Imports, a company that subsequently used the licenses to import gold, duty-free, at a loss to the Indian government of approximately $679,000.

## 2. Indian Investigation, Charges & U.S. Immigration Proceedings

The Indian government began an investigation in 1999 against Kapoor and her brothers. Later that year, Kapoor moved to the United States. Over a decade later, in January 2010, U.S. Immigration and Customs Enforcement ("ICE") officials took her into custody for overstaying her visa. In April 2010, an Indian court issued a warrant for her arrest, and India presented its request for her extradition in October 2010 along with evidence of the following activities that were attributable specifically to Kapoor:

> (1) owning the company, "Monika Overseas," that submitted six of the fraudulent Replenishment License applications;
>
> (2) signing the license applications and the accompanying forged documents;
>
> (3) receiving licenses at her home;

(4) and selling the licenses to Deep Blue Imports.

She was accused of the following violations of the Indian Penal Code ("IPC"):

    (a) cheating and dishonestly inducing delivery of property;

    (b) forgery of valuable security;

    (c) forgery for the purpose of cheating;

    (d) using as genuine a forged document; and

    (e) criminal conspiracy.

The U.S. State Department granted India's extradition request in March 2011.

Pursuant to 18 U.S.C. § 3184, the legislation implementing extradition treaties, Magistrate Judge Azrack issued an arrest warrant on May 2, 2011; soon afterwardKapoor was arrested and arraigned. On June 8, 2011, Magistrate Judge Levy granted her release on bail pending a hearing on the extradition request.

**3. Extradition Hearing and Magistrate Judge Levy's Opinion**

The extradition hearing was held on July 28, 2011. In a letter Kapoor submitted "in lieu of a brief" to Magistrate Judge Levy, she conceded that four of the five requirements for a magistrate judge to issue a certificate of extradition were met:

> We have reviewed the extradition request presented to defense counsel at arraignments. We believe that it meets the requirements above that a [1] valid extradition treaty exists between the two countries, [2] that there are charges pending against Ms. Kapoor in India, and [3] that the charges are extraditable offenses. We do not contest [4] that Ms. Kapoor is the individual sought by the Indian authorities. We do dispute, however, that the extradition request shows probable cause that a crime was committed by Ms. Kapoor.

Letter to M.J. Levy, June 27, 2011, Dkt. No. 1, Ex. D at 40.

Magistrate Judge Levy issued an opinion on April 17, 2012, finding that probable cause existed for all five charges and granting the certificate of extraditability. He

3

addressed two pieces of evidence that Kapoor had sought to introduce: a Supplemental Report on handwriting and an affidavit in which Kapoor recanted earlier statements. The Magistrate Judge determined that both items were inadmissible as part of the probable cause determination because the handwriting report was contradictory—and not explanatory—and the recantation lacked sufficient indicia of reliability. *See* April 17, 2012 M&O at 6-7.

Magistrate Judge Levy also concluded, in response to Kapoor's arguments, that the conspiracy charge did not require the government to present evidence that she had a mens rea of knowledge or intent. *See id.* at 14-15. Although Magistrate Judge Levy acknowledged that the excluded evidence would bear on credibility and reliability in the foreign trial court, calling its substance and the Indian government's choice to omit it from its request "disconcerting," he nonetheless concluded that it did "not overcome the government's showing of probable cause or defeat India's extradition request." *Id.* at 15.

**II**

A district court's extradition scope of review is limited: Kapoor may seek review "only to inquire [1] whether the magistrate had jurisdiction, [2] whether the offense charged is within the treaty and, [3] by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Skaftouros v. U.S.,* 667 F.3d 144, 157 (2d Cir. 2011) (citing *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)).

First, Kapoor does not challenge Magistrate Judge Levy's jurisdiction. Second, Magistrate Judge Levy understood Kapoor to imply that she was charged only with conspiracy—not five separate offenses—and he explicitly addressed and rejected that

4

suggestion. *See* April 17, 2012 M&O, at 11 n.11 ("it is clear that she stands accused not only of criminal conspiracy to commit those offenses but also with the substantive offenses themselves."). Moreover, although Magistrate Judge Levy did not reference it, Kapoor explicitly conceded in her letter brief that "there are [multiple] charges pending against Ms. Kapoor in India, and that the charges are *extraditable offenses*." Letter to M.J. Levy, June 27, 2011, Dkt. No. 1, Ex. D at 40 (emphasis added).

What remains is whether there was any evidence sufficient to establish reasonable or probable cause. *See Fernandez*, 268 U.S. at 311. Kapoor argues that Magistrate Judge Levy erred by rejecting a Supplemental Report on handwriting and by refusing to allow her to introduce her own affidavit, in which she claims she was tortured when she gave earlier statements to the Indian government in 1999 and now recants them. Kapoor asserts that inclusion of that evidence would have changed the outcome and resulted in a finding of no probable cause.

**1. Supplemental Report on Handwriting**

A fugitive's "right to introduce evidence is . . . limited to testimony which explains rather than contradicts the demanding country's proof." *Skaftouros v. U.S.,* 667 F.3d at 155 (quoting *Shapiro v. Ferrandina*, 478 F.2d 894, 905 (2d Cir.1973) (such contradictory evidence would "only pose a conflict of credibility") (internal quotation marks omitted)). Kapoor's goal in introducing the report was to vitiate the reliability of an affidavit by Mohan Das, in which he identified Kapoor's signature on various forged documents. *See* Kapoor's Mem. in Support of Petition, Dkt. No. 3, at 17. She argues that the Supplemental Report "was proof that she had not signed the forged documents in question." *Id.*

Magistrate Judge Levy found that the report "falls squarely in the category of

contradictory rather than explanatory material." April 17, 2012 M&O at 5. The Court agrees. Kapoor seeks to discredit Mohan Das's conclusion—that the signatures were Kapoor's—with "proof that she had not signed the forged documents in question." Kapoor's Mem. in Support of Petition, Dkt. No. 3, at 17. This is facially contradictory. Kapoor's attempt to label the evidence as explanatory has no merit; therefore, its exclusion was proper.

**2. Recantation**

The Court has not found any Second Circuit decision that addresses the issue of when a magistrate judge may admit recantations into evidence in the extradition context. Faced with the same lack of controlling precedent, Chief Magistrate Judge Gold, in *U.S. v. Pena-Bencosme,* 2007 WL 3231978 (E.D.N.Y. 2007), performed an extensive survey of the case law, and determined that when "a recantation is received, it is only because it bears strong indicia of reliability, such as a recantation made during the course of a court proceeding or made against the interests of the individual recanting, and obliterates probable cause." *Id.* at *5 (collecting cases).

First, Kapoor's affidavit would not completely obliterate probable cause, because it was not the sole evidence against her. Indeed, she does not challenge that she was the owner of Monika Overseas, received Replenishment Licenses at her home, and facilitated the transfer of the licenses to Deep Blue Imports. Second, the recantation affidavit was also prepared out of court, and it was made in Kapoor's interest rather than against it. *See id.* Furthermore, the affidavit raises factual issues that require credibility determinations—a matter properly for the foreign trial court. *See Skaftouros,* 667 F.3d at 157 ("Consideration of the procedures that will or may occur in the requesting country is

not within the purview of a habeas corpus judge.") Thus, Magistrate Judge Levy correctly determined that Kapoor's recantation had "absolutely no indicia of reliability" and was inadmissible. April 17, 2012 M&O at 7.

## 3. Formal Charges and Dual Criminality

Kapoor's final argument is that she was charged only with conspiracy and that, under the dual criminality doctrine, her conspiracy charge is not an extraditable offense.

Kapoor was charged with five extraditable offenses. Magistrate Judge Levy explicitly dismissed Kapoor's argument that she was charged only with conspiracy. *See* April 17, 2012 M&O, at 11 n. 11 ("However, it is clear that she stands accused not only of criminal conspiracy to commit those offenses but also with the substantive offenses themselves."). The Extradition Packet, which includes the formal charge sheets (i.e., Police Reports), bears this out unequivocally. *See* Extradition Packet, at P47-64 (appendices reproducing the charge sheets for all five of the substantive offenses). The summary by Superintendent of Police, Alok Mittal, also leaves no doubt: "[t]he above mentioned facts disclose the commission of [the conspiracy] offences . . . *and substantive offences thereof.*" *Id.* at P46 (emphasis added).

Magistrate Judge Levy found that probable cause exists for each of the offenses; thus, the certificate was properly issued. *See Sacirbey v. Guccione,* 589 F.3d 52, 63 (2d Cir. 2009) ("We are not at liberty to second guess the determination of the magistrate judge to issue an order certifying a request for extradition. Under our precedents, '[h]abeas corpus is not a writ of error, and it is not a means of rehearing what the [extradition] judge or magistrate already has decided.'"). Accordingly, because Kapoor is extraditable for the four substantive charges, her dual criminality argument is academic.

7

## CONCLUSION

For the foregoing reasons, the petition is denied and Kapoor's request to stay the extradition is denied.

/s/ Frederick Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
May 7, 2014